UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:16CV-00603-JHM

MYKEL MICKENS                                                                                         PLAINTIFF

V.

GENERAL ELECTRIC COMPANY                                                                DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Defendant, General Electric Company (Haier US Appliance Solutions, Inc. d/b/a GE Appliances), to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) [DN 5]. Fully briefed, this matter is ripe for decision.

### I. STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiff," League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), "accept all well-pled factual allegations as true[,]" id., and determine whether the "complaint states a plausible claim for relief[,]" Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Under this standard, the plaintiff must provide the grounds for his or her entitlement to relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard only when he or she "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A complaint falls short if it pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct." Id. at 678, 679.

Instead, the allegations must "'show[ ] that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). It is against this standard the Court reviews the following facts.

## II. BACKGROUND

Plaintiff, Mykel Mickens, was employed by General Electric Appliances ("GE") from October 2014 until June 27, 2016. Plaintiff is a transgendered black male. GE terminated Plaintiff on June 27, 2016, for alleged attendance issues. Plaintiff claims that he was subject to harassment and disparate treatment due to being a transgendered black man and not conforming to gender stereotyping. Plaintiff maintains that the harassment was witnessed by other employees and supervisors and was not inflicted on white, non-transgender employees. Plaintiff identifies the following discriminatory treatment: (1) Mickens was instructed not to use the bathroom that aligns with his gender identity; (2) Mickens faced reprimand for returning late from his breaks because of the location of the restroom he had to use; (3) Mickens had a conflict with a co-worker who had previously been involved in another conflict with a white female employee. GE addressed the white female employee's complaint and reprimanded the co-worker, but did not address Mickens's conflict with the same co-worker; (4) Mickens was harassed by co-workers and, as a result, he was pulled off the production line and disclosed his transgender status to his supervisor; (5) Once Mickens disclosed his status to his supervisor, he was singled out and reprimanded for conduct that other non-transgender employees were not reprimanded for; and (6) Mickens reported the harassment to GE and was told that nothing could be done about it. Significantly, Mickens alleges that GE permitted continued discrimination and harassment and fired him because he did not conform to the gender stereotype of what someone who was born female should look and act like. (Complaint ¶ 29.b.)

Given these allegations, Plaintiff asserts that Defendant violated local, state, and federal law by subjecting him to discrimination and depriving him employment due to his race and gender identity, by firing him due to his violating the gender stereotype of what someone who was born female should look and act like, by treating Plaintiff differently than other employees based on his race and gender identity, and by allowing the harassment of Plaintiff to continue throughout his employment.  Plaintiff maintains that he was fired for issues that white non-transgender employees were not fired for.

On August 25, 2016, Mickens filed this current action against GE in the Jefferson Circuit Court alleging claims of violation of the Louisville-Metro Government Ordinance § 92.06; gender and racial discrimination in violation of the Kentucky Civil Rights Act; gender and racial discrimination in violation of Title VII of the Civil Rights Act of 1964; and violation of the Occupational Safety and Health Act.  On September 19, 2016, GE removed the action from the Jefferson Circuit Court to the Western District of Kentucky.  GE now moves to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6).

### III. DISCUSSION

#### A. Louisville-Metro Government Ordinance § 92.06

Count 1 of Plaintiff's complaint alleges a violation of Louisville-Metro Government Ordinance § 92.06.  As Plaintiff concedes in his response, Ordinance § 92.06 does not create a private right of action. See Roberson v. Brightpoint Services, LLC, 2008 WL 793636, *2 (W.D. Ky. March 24, 2008). Defendant's motion to dismiss this claim is granted.

#### B. Occupational Safety and Health Act

In Paragraph 32 of Plaintiff's complaint, Mickens alleges that GE violated the Occupational Safety and Health Act "in relation to how to address which bathroom the Plaintiff

was to have used while an employee." (Complaint ¶32.) In as much as this is an independent claim, the Defendant correctly notes that OSHA does not create a private civil remedy. Ellis v. Chase Communications, Inc., 63 F.3d 473, 477 (6th Cir. 1995); Akers v. Wal-Mart Stores, Inc., 2011 WL 826246 (E.D. Tenn. March 3, 2011). Accordingly, Defendant's motion to dismiss this claim is granted.

### C. Title VII and KCRA

Title VII makes it "an unlawful employment practice for an employer . . . to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1); Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 (1993). Under the Kentucky Civil Rights Act ("KCRA"), it is unlawful for an employer "to discharge any individual, or otherwise to discriminate against an individual with respect to compensation, terms, conditions, or privileges of employment, because of the individual's race, color, religion, national origin, sex . . . ." KRS § 344.040(1)(a). "Claims brought under the KCRA are 'analyzed in the same manner'" as claims brought under Title VII. Allen v. Highlands Hosp. Corp., 545 F.3d 387, 393 (6th Cir. 2008) (quoting Williams v. Tyco Elec. Corp., 161 Fed. Appx. 526, 531 & n. 3 (6th Cir. 2006)). See also Williams v. Wal–Mart Stores, Inc., 184 S.W.3d 492, 495 (Ky. 2005).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, "broad and conclusory allegations of discrimination cannot be the basis of a complaint and a plaintiff must state allegations that plausibly give rise to the inference that a defendant acted as the plaintiff claims." HDC, LLC v. City of Ann Arbor, 675 F.3d 608, 614 (6th Cir. 2012) (affirming

dismissal of Fair Housing Act claim where alleged facts did not support plausible inference of intentional discrimination); Pedreira v. Kentucky Baptist Homes for Children, Inc., 579 F.3d 722, 728 (6th Cir. 2009) (affirming dismissal of religious discrimination claim where plaintiff failed to allege facts plausibly linking her termination to religious beliefs); House v. Rexam Beverage Can Co., 630 Fed. Appx. 461, 464 (6th Cir. 2015). Although Plaintiff's amended complaint "'need not present detailed factual allegations, it must allege sufficient factual content from which a court, informed by its judicial experience and common sense, could draw the reasonable inference'" that GE discriminated against Plaintiff with respect to his race and gender. House, 630 Fed. Appx. at 463 (quoting Keys v. Humana, Inc., 684 F.3d 605, 610 (6th Cir. 2012)(quoting Iqbal, 556 U.S. at 678–79)).

First, Mickens's complaint contains facts that would support an inference that GE discriminated against Plaintiff with respect to race and gender. In his complaint, Mickens alleges that he was a member of a protected class at the time of the unlawful termination and was subject to gender stereotyping; he was harassed, discriminated against, or fired based upon his race or his violation of gender stereotypes; and he was treated differently than white, non-transgender employees. Specifically, Mickens alleges that between October 2014 and June 2016, he was harassed and discriminated against by GE not permitting him to use a bathroom close to his work station and then penalized for having to go to a bathroom farther away from his work station. Mickens also asserts that GE failed to address harassment by a co-worker toward him when the company had addressed harassment by the same co-worker against a white, female employee. Furthermore, Mickens claims that once his supervisor learned of his transgender status, his supervisor reprimanded him for things that other employees were not reprimanded. Further, Mickens contends that although he reported harassment by his supervisor and co-workers, GE

management informed him that there was nothing they could do. Finally, Mickens alleges that as a result of the harassment and discrimination, he suffered extreme emotional distress and was allegedly fired due to his attendance which was specifically related to his returning from breaks late because of GE's refusal to permit him to use the male bathroom closer to his work station. Although Mickens could have been more specific about the number of times the verbal harassment took place and the language used, the Complaint indicates that there were multiple harassers, including his direct supervisor, and that the conduct lasted over a year, which leads to an inference that the harassment occurred frequently. See Halcomb v. Black Mountain Resources, LLC, 2015 WL 1757919,*4 (E.D. Ky. April 17, 2015). Given these allegations and drawing all inferences in Plaintiff's favor, the Court finds that the complaint satisfies the pleading standards for race and gender discrimination/harassment claims.

Second, with respect to GE's argument that neither Title VII or KCRA supports a claim of discrimination on the basis of transgender status, "the relevant Sixth Circuit precedent recognizes that, in light of the Supreme Court's opinion in Price Waterhouse v. Hopkins, 490 U.S. 228 (1989), the prohibition against gender discrimination in Title VII can extend to certain situations where the plaintiff fails to conform to stereotypical gender norms." Vinova v. Henry Cty. Bd. of Educ., 2016 WL 4993389, *5–6 (E.D. Ky. Sept. 15, 2016)(citing Smith v. City of Salem, 378 F.3d 566, 573 (6th Cir. 2004) (collecting cases)). "[A] label, such as "transsexual," is not fatal to a sex discrimination claim where the victim has suffered discrimination because of his or her gender non-conformity." Smith, 378 F.3d at 575. Significantly, Plaintiff alleges that GE both permitted continued discrimination and harassment against him and subsequently fired him because he did not conform to the gender stereotype of what someone who was born female should look and act like. (Complaint ¶ 29.b.) Having made these allegations, Plaintiff has

sufficiently pled a sex-stereotyping, gender discrimination claim.

Furthermore, both the Sixth Circuit and the United States Supreme Court are in a position to address transgender issues in the context of Title IX litigation. G.G. ex rel. Grimm v. Gloucester County School Bd., 822 F.3d 709 (4th Cir. 2016), *cert. granted in part*, 2016 WL 4565643 (Oct. 28, 2016); Board of Educ. of the Highland Local Sch. Dist. v. United States Dept. of Educ., 2016 WL 6125403, *2 (S.D. Ohio Oct. 20, 2016), *appealed docketed*. See also Hively v. Ivy Tech. Community College, 830 F.3d 698, 2016 WL 4039703, *7 (7th Cir.), *rehearing en banc granted*, 2016 WL 6768628 (7th Cir. Oct. 11, 2016). These cases may have implications for employers in the Title VII context. Notwithstanding, at this stage of the litigation, what is clear is that the Plaintiff's complaint sufficiently alleges facts to support discrimination or disparate treatment claims based upon race and gender non-conformity or sex stereotyping. See also E.E.O.C. v. R.G. & G.R. Harris Funeral Homes, Inc., 100 F. Supp. 3d 594, 603 (E.D. Mich. 2015). Therefore, Defendant's motion to dismiss Plaintiff's Title VII and KCRA claims is denied.

### IV.  CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that motion by Defendant, General Electric Company (Haier US Appliance Solutions, Inc. d/b/a GE Appliances), to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) [DN 5] is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's claims for violation of the Louisville-Metro Government Ordinance § 92.06 and violation of the Occupational Safety and Health Act are **DISMISSED**. All other claims remain.

cc: counsel of record

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

November 28, 2016